## CIRCUIT COURT OF THE CITY OF NORFOLK

Sherrie L. Villalobos

v.

City of Norfolk

June 13, 2003

Case No. (Chancery) 03-1163

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Petitioner Officer Sherrie L. Villalobos's motion for a temporary injunction. Petitioner has alleged the following. She became a sworn member of the Norfolk Police Department in or about June 1989. Petition ¶ 1. On August 19, 2002, the Chief of Police, Melvin C. High, served Petitioner with a Certificate of Indefinite Suspension, thereby terminating her employment as of that date. *Id.* at ¶ 2. Pursuant to the City of Norfolk Employee Grievance Procedure, Petitioner timely filed a grievance of the Chief's actions, seeking reinstatement as a sworn member of the Norfolk Police Department. *Id.* at ¶ 3. There was a hearing conducted by a grievance panel as to the merits of Petitioner's grievance. *Id.* at ¶ 5. By a written decision dated May 19, 2003, the panel modified the indefinite suspension to a suspension without pay or benefits from August 19, 2002, until May 26, 2003, with a reinstatement to the Norfolk Police Department effective May 26, 2003. *Id.* at ¶ 8. The City of Norfolk has refused, and continues to refuse, to comply with the panel's decision. *Id.* at ¶ 14. Petitioner brought this action seeking reinstatement and also requests temporary injunctive relief directing the immediate implementation of the panel decision pending the disposition of her Petition on its merits. *Id.* at ¶ 30.

A court weighs the following factors in determining whether a temporary injunction is appropriate: (1) the likelihood that the plaintiff will suffer

irreparable harm without a preliminary injunction; (2) the likelihood of harm to the defendant with an injunction; (3) the likelihood that the plaintiff will prevail on the merits of the claim; and (4) the impact of an injunction on the public interest. *See Hughes Network Systems v. Interdigital Com. Corp.*, 17 F.3d 691 (4th Cir. 1994); *see also Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977); *MFS Network Technologies, Inc. v. Commonwealth*, 33 Va. Cir. 406 (1994). In this case, Petitioner has not shown that she will suffer irreparable harm without a preliminary injunction. Any potential injury that she may suffer could be compensated by monetary damages. Therefore, Petitioner's motion for a temporary injunction is denied.