# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ace Temporaries, Inc., et al.

 v.

City of Alexandria
City Council et al.

Case No. (Chancery) CH05002342

BY JUDGE LISA B. KEMLER

October 11, 2005

On the morning of October 5, 2005, I heard argument on the Defendant's Motion for Preliminary Injunction and the Plaintiff's Demurrer to the Defendant's Cross-Bill for Declaratory Judgment and Injunctive Relief. I took the matter under advisement and, after reviewing the parties' memoranda and exhibits, I contacted counsel on the afternoon of October 5 and communicated my decision denying the motion for preliminary injunction and overruling the demurrer. This letter outlines the reasons supporting my decision.

This matter concerns two Ordinances adopted by the City Council, Ordinance No. 4328, adopted on January 24, 2004, defining "day labor agency" and requiring such businesses to obtain a special use permit to continue operation in certain locations within the City, and Ordinance No. 4337, adopted on February 21, 2004, reducing the eighteen-month amortization period contained in Ordinance No. 2003-06 to a twelve-month period. On July 20, 2005, Plaintiffs filed their Motion for Declaratory and

Injunctive Relief against the City Council of the City of Alexandria and the City of Alexandria ("the City") alleging the following: (1) the procedural requirements of Title 15.2 were not met and, therefore, the two Ordinances are void ab initio; (2) the denial of the Plaintiffs' petition for an extension of amortization period was arbitrary, capricious, and unreasonable; (3) the City Council lacked authority to order Plaintiff Ace Temporaries, Inc. ("Ace") to cease operations; and (4) the Ordinances have the effect of denying Plaintiffs equal protection of the law in violation of 42 U.S.C. § 1983.

On August 17, 2005, the City filed an Answer to the Motion for Declaratory and Injunctive Relief and Cross-Bill for Declaratory and Injunctive Relief. In the Cross-Bill, the City seeks the following relief: (1) a determination that Ordinance No. 4328 applies in full force and effect to Plaintiff Ace's operations at 1717 Pendleton Street; (2) a determination that Plaintiff Ace has failed to comply with the specific provisions of Ordinance No. 4337; (3) an order permanently enjoining Plaintiff Ace from continuing its use and operation at 1717 Pendleton Street; and (4) a cumulative penalty in the amount of $3000 to be levied against Plaintiff Ace.

On September 9, 2005, Plaintiffs filed a Demurrer and Answer to Defendant City of Alexandria's Cross-Bill for Declaratory and Injunctive Relief and, on September 21, 2005, the City filed its Motion for Preliminary Injunction.

## Motion for Preliminary Injunction

In determining whether to grant a preliminary injunction, "an extraordinary remedy," four factors must be considered. *Hughes v. Network Sys. v. Interdigital Communications Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). These factors are: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendant if the preliminary injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." *Id.* See also, *Villalobos v. City of Norfolk*, 62 Va. Cir. 158 (2003). After a consideration of each of the four factors, it is my opinion that the likelihood of harm to Plaintiff Ace if the preliminary injunction is granted outweighs the likelihood of irreparable harm to the Defendant City if the preliminary injunction is not granted. While it appears that the neighboring property owners may endure inconvenience and annoyance from the continued operation of Plaintiff Ace's business at 1717 Pendleton Street until the pending litigation is concluded (see Exhibits A-E attached to Defendants' Motion for Preliminary Injunction), the

granting of a preliminary injunction will result in Plaintiff Ace having to shut down its business in the City until such time, if and when, another suitable location can be found. This situation is, therefore, different from that in *Patton v. City of Galax*, 269 Va. 219, 609 S.E.2d 41 (2005), in which a preliminary injunction was granted in order to preserve the status quo. In the event the City prevails on the merits, adequate relief is available. While it may be correct, as alleged by the City in its memorandum, that the zoning Ordinances were lawfully enacted and Plaintiff Ace has been afforded all due process to which it is entitled, without a complete development of the facts, it is too early at this stage to conclude that there is a likelihood that the City will prevail on the merits. Finally, while enforcement of properly enacted zoning ordinances is in the public's interest, providing employment opportunities for employees of Plaintiff Ace serves the public interest as well. Thus, based on the foregoing, the motion for preliminary injunction is denied.

## *Demurrer*

A demurrer tests the legal sufficiency of the pleadings to determine whether the pleading states a cause of action upon which relief can be granted. Va. Code § 8.01-273(A). Based on my review of the Defendants' Cross-Bill, it is my opinion that each of the facts alleged in the three counts, if true, state a cause of action upon which relief may be granted and, therefore, the Plaintiffs' demurrer is overruled.

## April 20, 2006

On April 12, 2006, I heard argument on the parties' motions for summary judgment. Specifically, the Plaintiffs, Ace Temporaries, Inc. ("Ace") and ACC Holdings, L.L.C., seek summary judgment on Counts I, III, and V of their First Amended Motion for Declaratory Judgment and Injunctive Relief ("Amended Motion"). The Defendants, City Council of the City of Alexandria, Virginia ("City Council") and the City of Alexandria, Virginia ("City"), seek summary judgment on the Plaintiffs' appeal from the decision of the Board of Zoning Appeals ("BZA") affirming the City Council's determination that Ace is a day labor agency and, therefore, subject to Ordinance No. 4328, as well as summary judgment on Counts I, II, III, and V of the Plaintiffs' Amended Motion. In an order dated September 19, 2005, the Plaintiffs' appeal from the BZA's determination (CH05002032) and the Plaintiffs' declaratory judgment action (CH05002342) were consolidated.

After hearing arguments of counsel and directing counsel to submit, if they so desired, any further authorities in writing within seven days, I took the matter under advisement. Neither party submitted any additional authorities for my consideration. Upon further review of the parties' memoranda, exhibits, and applicable legal authorities, it is my opinion that summary judgment should be granted in favor of the Defendants for the reasons set forth below.

*Procedural History*

This matter concerns two ordinances adopted by the City Council: (1) Ordinance No. 4328, adopted on January 24, 2004, defining "day labor agency" and requiring such businesses to obtain a special use permit to continue operation in certain locations within the City and (2) Ordinance No. 4337, adopted on February 21, 2004, reducing the eighteen-month amortization period contained in Ordinance No. 4328 to a twelve-month period. On July 20, 2005, Plaintiffs filed a four-count Motion for Declaratory Judgment and Injunctive Relief against the Defendants alleging the following: (1) the procedural requirements of Title 15.2 were not met and, therefore, the two ordinances are void *ab initio*; (2) the denial of the Plaintiffs' petition for an extension of the amortization period was arbitrary, capricious, and unreasonable; (3) the City Council lacked authority to order Ace to cease operations within thirty days; and (4) the ordinances have the effect of denying Plaintiffs equal protection of the law in violation of 42 U.S.C. § 1983.

On August 17, 2005, the Defendants filed an Answer to the Motion for Declaratory Judgment and Injunctive Relief and Cross-Bill for Declaratory Judgment and Injunctive Relief. In the Cross-Bill, the Defendants seek the following relief: (1) a determination that Ordinance No. 4328 applies in full force and effect to Ace's operations at 1717 Pendleton Street; (2) a determination that Ace has failed to comply with the specific provisions of Ordinance No. 4337; (3) an order permanently enjoining Ace from continuing its use and operation at 1717 Pendleton Street; and (4) a cumulative penalty in the amount of $3000 to be levied against Ace.

On September 9, 2005, Plaintiffs filed a Demurrer and Answer to the Defendants Cross-Bill and, on September 21, 2005, the City filed a Motion for Preliminary Injunction. On October 5, 2005, the parties presented argument on the Defendants' Motion for Preliminary Injunction and the Plaintiffs' Demurrer and, by Letter Opinion dated October 11, 2005, I denied the motion for preliminary injunction and overruled the demurrer. An order reflecting my ruling was entered on October 27, 2005. The Defendants filed their summary

judgment motion on November 30, 2005, and, on December 19, 2005, the Plaintiffs filed their summary judgment motion as well as a First Amended Motion for Declaratory Judgment and Injunctive Relief adding a fifth count alleging that the adoption of Ordinance No. 4328 was in violation of City Charter § 3.11 and City Code § 2-1-20. Argument on the summary judgment motions was postponed pending a decision by the City Council whether to approve Ace's application for an SUP that would allow Ace to continue its operations on Swann Avenue, a location that complies with day labor agency ordinance. Although the City Council approved Ace's application for an SUP for the Swann Avenue location on January 21, 2006, Ace has been unable to negotiate a lease for that location and the matter is ripe for summary judgment.

## *Factual Background*

Prior to the adoption of the two ordinances referenced above, on May 15, 1999, the City Council amended the City's Zoning Ordinance and enacted Ordinance No. 4049, requiring any day labor agency in existence as of February 2, 1999, to apply for an SUP. Following the City Council's denial of Ace's application for an SUP, on January 11, 2001, Ace filed a Motion for Declaratory Judgment challenging the procedures under which Ordinance No. 4049 was adopted. In a Letter Opinion dated June 2, 2003, Judge Swersky determined that the ordinance had not been properly initiated and declared the ordinance void *ab initio*. The Defendants did not appeal Judge Swersky's ruling.

On October 7, 2003, the Planning Commission approved a motion to initiate a text amendment to the Zoning Ordinance defining day labor agencies and requiring an SUP in appropriate commercial zones. On November 6, 2003, the Planning Commission met and voted to recommend approval of Text Amendment No. 2003-0006, "clarifying the definition of day labor agency, prohibiting day labor agencies in low density zones" and permitting an eighteen-month amortization period. (Exhibit E to Defendant's Brief in Support of Motion for Summary Judgment.) City Council held a public hearing on November 15, 2004, and voted, six to none, to approve the Planning Commission's recommendation to adopt Text Amendment No. 2003-0006 with an amendment that the amortization period not exceed twelve months. (Exhibits G & H to Defendant's Brief in Support of Motion for Summary Judgment.) According to the Meeting Minutes of the Regular Meeting of City Council on January 13, 2004, the City Council considered the introduction and first reading of an ordinance to adopt zoning Text

Amendment No. 2003-0006, but contrary to the action taken on November 15, 2003, approving the Planning Commission's recommendation to adopt the text amendment with an amendment providing for a twelve-month amortization period, the text amendment introduced and read provided for an eighteen-month amortization period as originally proposed by the Planning Commission. (See Exhibit I to Mem. in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment.) On January 24, 2004, the City Council voted to enact Text Amendment # 2003-0006 as Ordinance No. 4328 providing for an eighteen-month amortization period. Thereafter, at a Regular Meeting of City Council on February 10, 2004, the City Council considered the introduction and first reading of an ordinance (No. 4337) to reduce the amortization period for nonconforming day labor agencies from eighteen months to twelve months, "as approved by Text Amendment No. 2003-0006." (*Id.* at Exhibit K; see also Exhibit G, p. 11 to Defendant's Brief in Support of Motion for Summary Judgment ("This is the motion to approve the text amendment with an amortization period of not to exceed twelve months.").) A second reading was held on February 21, 2004, and the City Council voted to adopt Ordinance No. 4337 amending Section 12-215 (the amortization period) of the Zoning Ordinance to establish a twelve-month amortization period as previously approved by the City Council on November 15, 2003.

Subsequent to this action by the City Council, the Director ("the Director") of the Department of Planning and Zoning ("the Department") sent Ace a letter dated February 24, 2004, in which she notified Ace that it was a nonconforming use and ordered it to cease operations within twelve months. (Exhibit M to Defendant's Brief in Support of Motion for Summary Judgment.) On February 22, 2005, Ace exercised its right to request an extension of the twelve-month amortization period and, on March 18, 2005, Ace filed an appeal with the BZA challenging the Director's determination that, under § 2-133.1 of the Zoning Ordinance, Ace is a day labor agency. A hearing on the appeal was held before the BZA on May 12, 2005, and, after considering the evidence and arguments presented by the parties, the BZA affirmed the Director's determination that Ace fit within the definition of "day labor agency" as defined by § 2-133.1 of the Zoning Ordinance. On June 9, 2005, Ace, pursuant to Va. Code § 15.2-2314, filed a Petition for Writ of Certiorari to review the BZA's decision.

Regarding Ace's request to the Director for an extension of the twelve-month amortization period, at the request of the Department, Ace provided certain financial and accounting information related to its business. The City

retained its own accounting and business valuation expert and, based on the information provided by Ace and the expert's assessment of the fair and reasonable rate of return from an investment in a similar day labor agency, on June 13, 2005, the Department determined that Ace had sufficient time to earn a fair and reasonable rate of return on its investment and recommended that the City Council deny Ace's extension request. Following a public hearing on June 21, 2005, the City Council voted to deny Ace's request for an extension of the twelve-month amortization period and ordered Ace to "cease operations" at 1717 Pendleton Street within thirty days, by July 21, 2005. (Exhibit V to Defendant's Brief in Support of Motion for Summary Judgment.) Ace has continued to operate its business at the Pendleton Street location.

## Ruling

A. *Defendants' Motion for Summary Judgment on Plaintiff's Petition for Writ of Certiorari Should be Granted*

Under Va. Code § 15.2-2314, a person may appeal from a decision of the BZA by filing a petition for writ of certiorari in the circuit court within thirty days after the final decision of the BZA. Disposition of the petition is not a *de novo* proceeding, as the statute provides, "[i]f, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it *may* take evidence. . . ." (Emphasis added.) The statute further provides, in pertinent part, as follows:

> In the case of an appeal from the board of zoning appeals to the circuit court of an order, requirement, decision, or determination of a zoning administrator or other administrative officer in the administration or enforcement of any ordinance or provision of state law, or any modification of zoning requirements pursuant to § 15.2-2286, the decision of the board of zoning appeals shall be presumed to be correct. The appealing party may rebut that presumption by proving by a preponderance of the evidence, including the record before the board of zoning appeals, that the board of zoning appeals erred in its decision. Any party may introduce evidence in the proceedings before the court.

68

Under the statute, the BZA's decision is presumed correct and, although the petitioner may rebut that presumption "by proving by a preponderance of the evidence, including the record before the board of zoning appeals, that the board of zoning appeals erred in its decision," the " 'preponderance of the evidence' standard is used in analyzing the sufficiency of the record to prove a particular claim of fact." *Lamar Co., L.L.C. v. Board of Zoning Appeals,* 270 Va. 540, 546, 620 S.E.2d 753, 756 (2005). The Supreme Court concluded in *Lamar* that, "in Code § 15.2-2314, a 'preponderance of the evidence' may rebut the presumption of correctness when there is a factual dispute and the truth and sufficiency of those facts must be weighed." *Id.* Here, as in *Lamar,* there is no dispute as to any material fact. Both parties had the opportunity and did present evidence to the BZA concerning the nature of Ace's operations and whether those operations fall within the definition of "day labor agency" under § 2-133.1 of the Zoning Ordinance. (See Exhibits O, P, W, and X to Defendant's Brief in Support of Motion for Summary Judgment and pp. 13-14 of Mem. in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment.) Indeed, Ace has not indicted what, if any additional evidence it would present in support of its appeal that was not presented before the BZA. The question before the Court is whether the BZA erred in deciding to affirm the Director's application of the day labor agency ordinance to Ace's operations at the Pendleton Street address. Based on a review of the record of the evidence presented to the BZA, I cannot find that the BZA applied erroneous principles of law or that BZA's decision was plainly wrong and in violation of the purpose and intent of the Zoning Ordinance. It is clear from the record that the BZA properly examined § 2-133.1 of the Zoning Ordinance and considered the intent of the day labor agency ordinance. The BZA considered the testimony of Ace's owner concerning the nature of Ace's operations and the nature and length of work performed by Ace's workers, as well as police reports, citizen complaints, and the Department's summary report. Under the facts of this case, Ace has failed to establish that the BZA erred in determining the legal question of the proper application of § 2-133.1 of the Zoning Ordinance and, therefore, summary judgment in the Defendants' favor on the Plaintiffs' certiorari petition is appropriate.

**B.** *Summary Judgment Should be Granted in Defendants' Favor on Count I of the Amended Motion*

Both parties seek summary judgment on Count I of the Amended Motion. The Plaintiffs argue that (1) because the actual text of the zoning ordinance amendment was not available on October 7, 2003, when the Planning Commission adopted a motion to initiate a text amendment to the zoning ordinance, neither Ordinance No. 4328 nor Ordinance No. 4337 were properly initiated and, therefore, they are void *ab initio* and (2) Ordinance No. 4337, a text amendment, was enacted without a proper initiating motion as required by Va. Code § 15.2-2286. The Defendants counter that (1) § 15.2-2286(A)(7) does not require that the actual text of the amendment be available at the time of the motion to initiate the amendment is adopted and (2) because Ordinance No. 4337 "completed formal enactment of a single text amendment" (Text Amendment # 2003-0006) which was properly initiated by the Planning Commission on October 7, 2003, and approved by the City Council on November 15, 2003, the procedure followed for the enactment of Ordinance No. 4337 complied with the statutory requirements.

Regarding the failure to present the actual text of the amendment at the time of the Planning Commission's adoption of the motion to initiate a text amendment on October 7, 2003, I find that there is no such requirement in the statute and that the statute only requires that an amendment be initiated by motion or resolution. See *In re Zoning Ordinance Amendments Enacted by Board of Supervisors of Loudoun County,* 67 Va. Cir. 462, 2005 Va. Cir. LEXIS 281 (2005). The initiation of a text amendment is merely a preliminary step to the adoption of an amendment. The actual text of the amendment was provided at both the November 6, 2003, Planning Commission hearing at which the Commission voted to recommend approval of the text amendment and the November 15, 2003, City Council hearing at which the City Council voted to approve the Planning Commission's recommendation to adopt the amendment.

I also find that the City satisfied the procedural requirements under Va. Code § 15.2-2286(A)(7) for proper enactment of Ordinance No. 4337 in that initiation of Text Amendment # 2003-0006 on October 7, 2003, related to both Ordinance No. 4328 and Ordinance 4337 because each of these ordinances were enacted to adopt that single text amendment. It is clear that, at the public hearing on November 15, 2003, the City Council intended to and, in fact, did approve of Text Amendment # 2003-0006 to the day labor agency Zoning Ordinance but specifically amended the text amendment to require a

twelve-month amortization period. (See Exhibit G to Defendant's Brief in Support of Motion for Summary Judgment.) In light of the City Council's clear intention on November 15, 2003, there can be no doubt that the inclusion in Ordinance 4328 of the original language providing for an eighteen-month amortization period was a mistake which the City Council overlooked when it enacted that ordinance. By enacting Ordinance 4337, the City Council completed the formal enactment of the zoning ordinance amendment as originally intended.

For these reasons, summary judgment is granted in the Defendants' favor on Count I of the Amended Motion.

*C. Summary Judgment Should be Granted in Defendants' Favor on Count II of the Amended Motion*

The Plaintiffs contend that the City Council's denial of Ace's request for an extension of the twelve-month amortization period was arbitrary, capricious, and unreasonable as a matter of law. The Plaintiffs further contend that the action of City Council in denying Ace's request was a quasi-judicial decision and not a legislative action and that, therefore, the "fairly debatable" standard does not apply on appeal.

Though there is scant legal authority, I note that § 2-215 of the Zoning Ordinance specifically gives the City Council the authority to grant an extension of the amortization period set forth in the ordinance. I find that the grant or denial of a request to extend the amortization period is in the nature of the grant or denial of special exceptions or special use permits and, as such, is a legislative action. See *Board of Supervisors of Fairfax County v. McDonald's Corp.*, 261 Va. 583, 589, 544 S.E.2d 334, 338 (2001).

Thus, the question before the Court is whether the City Council acted reasonably in denying Ace's petition for an extension of the amortization period. Section 2-215(B) requires that persons seeking an extension provide information to the City Council supporting their claim that an extension is warranted. It is clear from a review of the record before the City Council that the City Council considered evidence from both Ace and the City in determining whether to grant or deny Ace's extension request. This evidence included both factual and financial information, as well as expert analysis and testimony. I find that, in denying Ace's extension request, the City Council considered ample evidence, including the character of Ace's business, expert analysis as to the estimates of Ace's financial return on its investment, the length of time Ace had been in business, and the general welfare of the public

and, therefore, rule that the City Council's decision to deny Ace's request to extend the amortization period was reasonable. For these reasons, summary judgment on Count II of the Amended Motion in favor of the Defendants is granted.

D. *Summary Judgment Should be Granted in Defendants' Favor on Count III of the Amended Motion*

Both parties seek summary judgment on Count III of the Amended Motion. The Plaintiff's assert that the City Council lacked authority to order them to cease operations within thirty days of the date of the City Council's denial of Ace's request to extend the amortization period on the grounds that, under Va. Code §§ 15.2-2286(A)(4) and 15.2-2299, only the zoning administrator has the authority to enforce compliance with a zoning ordinance. In this case, the Director did, in fact, exercise her authority when she notified Ace by letter dated February 24, 2004 that it was a non-conforming use and ordered it to cease operations within twelve months. Once the City Council denied Ace's request to extend the amortization period on June 21, 2005, Ace could have been required to cease operations at that time. In allowing Ace an additional thirty days to cease its operations, the City Council was merely exercising its inherent authority under Va. Code § 15.2-1102 "to secure and promote the general welfare of the inhabitants of the municipality and the safety, health, peace, good order, comfort, convenience, morals, trade, commerce, and industry of the municipality." The Director's February 24, 2004, notice to cease operations was still in effect and had only been delayed by Ace's extension request.

For these reasons, summary judgment on Count III of the Amended Motion is granted in favor of the Defendants.

E. *Summary Judgment Should be Granted in Defendants' Favor on Count V of the Amended Motion*

Both parties have moved for summary judgment on Count V of the Amended Motion. In Count V, the Plaintiffs challenge the procedural validity of Ordinance No. 4328 claiming that enactment of the ordinance violated § 3.11 of the City Charter and § 2-1-20(d) of the City Code in that the amendment to Text Amendment # 2003-0006 changing the amortization period from eighteen months to twelve months was not read in full prior to

adoption of the Ordinance No. 4328 at the January 24, 2004, City Council meeting.

Sections 3.11(d) and 2-1-20(d) of the City Charter and City Code, respectively, require that at the second reading of a proposed ordinance, if "amendments or additions have been made subsequent to the introduction," then "such amendments or additions shall be read in full prior to passage." In this case at bar, however, it is clear that there were no amendments or additions to the text amendment made after the text amendment (proposed Ordinance No. 4328) was introduced and first read on January 13, 2004. (See City Charter § 3.11(a) and City Code § 2-1-20(d), "[u]pon introduction, the ordinance shall receive its first reading. . . .") At the November 15, 2003, meeting, City Council approved the Planning Commission's recommendation to adopt Text Amendment No. 2003-0006 with an amendment that the amortization period not exceed twelve months. While the Plaintiffs' contention that the mistake in the amortization period would likely have been corrected before the passage of Ordinance 4328 on January 24, 2004, had Text Amendment # 2003-0006 with the amendment reducing the amortization period been read in full at the second reading, there is simply no authority requiring that an amendment be read at the second reading when no amendments were made subsequent to the introduction and first reading of the ordinance and final passage of the ordinance. The Plaintiffs' argument that the ordinance was introduced at the November 15, 2003, meeting is not supported by the plain reading of the applicable City Charter and City Code provisions.

For these reasons, summary judgment on Count V of the Amended Motion is granted in favor of the Defendants.